## APPEAL OF MT. VERNON NATIONAL BANK.

Docket No. 237. Submitted May 27, 1925. Decided September 9, 1925.

R. V. Welts, Esq., for the taxpayer.
Ward Loveless, Esq., for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal is from the determination of a deficiency in income and profits taxes in the amount of $1,953.22 for the calendar year 1920. The entire amount of the deficiency is not in controversy here, as the taxpayer in its petition concedes the correctness of the Commissioner's action in disallowing certain claimed deductions. That part of the deficiency which is here involved arises from the disallowance by the Commissioner of a deduction claimed as a bad debt by the taxpayer in its income-tax return for 1920. From the stipulated facts and the oral evidence offered at the hearing the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the banking laws of the United States, with its principal place of business at Mount Vernon, Wash.

2. On November 13, 1919, taxpayer made a loan of $4,300 to one J. F. Miller, taking as security for the loan a chattel mortgage on a truck in Skagit County, Wash., and certain cows in Pierce County, Wash.

3. In August, 1920, suit was instituted by the taxpayer to collect on Miller's note and to foreclose the mortgage. Judgment for the taxpayer was entered on September 21, 1920, for the full amount

of the account appearing on the taxpayer's books, the principal at that time being $4,000, together with costs and attorneys' fees.

4. After judgment in the foreclosure suit had been rendered the taxpayer's attorney went to Pierce County and ascertained that the cows on which Miller had executed a chattel mortgage could not be located. No attempt was made to locate or levy upon them by writ of execution.

5. On November 13, 1920, an execution on the judgment was issued directed to the sheriff of Skagit County. The sheriff's return showed that he could find no property. On November 26, 1920, an execution was issued directed to the sheriff of any county, and on December 18, 1920, the sheriff of Skagit County made a return showing a levy upon the truck above mentioned, and that the truck had been purchased by the taxpayer at a sheriff's sale for the amount of $2,500. At the time of the purchase of the truck at the sheriff's sale there were no entries made on the taxpayer's books and records concerning the transaction.

6. On December 31, 1920, the taxpayer charged to profit and loss $2,500 of Miller's account, leaving a balance of $1,500 charged to Miller.

### DECISION.

The deficiency determined by the Commissioner is allowed in part and disallowed in part. The balance of the debt ($1,500) remaining unpaid in 1920 after the sale of the collateral at sheriff's sale is an allowable deduction in 1920. Final determination will be settled on consent or on 15 days' notice, in accordance with Rule 50.

ARUNDELL not participating.